IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CULTURAL EXPERIENCES ABROAD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-564-GBW-SRF |
| | ) | |
| CATHERINE COLON, JOHN CHRISTIAN, GERARD CHRISTIAN, and GRAHAM WILKINSON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Presently before the court in this civil action for misappropriation of trade secrets under

the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832, and related causes of action,

are the following motions: (1) the motion to dismiss the first amended complaint ("FAC") for

lack of personal jurisdiction and failure to state a claim under Federal Rules of Civil Procedure

12(b)(2) and 12(b)(6), respectively, filed by defendants Catherine Colon ("Colon"), John

Christian ("J. Christian"), Gerard Christian ("G. Christian"), and Graham Wilkinson

("Wilkinson;" collectively, "Defendants") (D.I. 37);[1] (2) the motion to compel compliance with

the court's July 18, 2023 Status Quo Order, filed by plaintiff Cultural Experiences Abroad, LLC

("Plaintiff") (D.I. 40);[2] (3) Plaintiff's motion for leave to file a surreply in connection with

Defendants' motion to dismiss the FAC (D.I. 50);[3] and (4) Plaintiff's motion for leave to file a

second amended complaint ("SAC") (D.I. 51).[4]  For the following reasons, I recommend that the

---

[1] The briefing on the motion to dismiss is found at D.I. 38, D.I. 39, and D.I. 42.
[2] The briefing on the motion to compel compliance is found at D.I. 41, D.I. 44, and D.I. 48.
[3] The briefing on the motion for leave to file a surreply is found at D.I. 50, D.I. 53, and D.I. 56.
[4] The briefing on the motion to amend is found at D.I. 51, D.I. 54, and D.I. 55.

court GRANT the relief requested in Defendants' motion to dismiss and DISMISS this action without prejudice under the doctrine of *forum non conveniens* in accordance with the terms of the parties' forum selection clause. I further recommend that the court DENY as moot Plaintiff's motion to compel compliance, Plaintiff's motion for leave to file a surreply, and Plaintiff's motion for leave to file a SAC.

## I.      BACKGROUND

This case arises out of an Equity Purchase Agreement (the "Equity Agreement") executed by the parties on April 27, 2021. (D.I. 6 at ¶ 31) Under the terms of the Equity Agreement, Plaintiff, a business providing study abroad and foreign internship educational opportunities for university students, agreed to acquire 100% of the assets and ownership interests of CAPA International Education Limited Partnership and CAPA Holdings LLC (together, "CAPA") from Defendants.[5] (*Id.* at ¶¶ 22, 31) In return, Defendants received cash at closing, a seller note, and the potential for an earn-out to be paid in cash if a certain revenue threshold was achieved in 2022. (*Id.*) Specifically, the earn-out provision stated that Defendants would receive more than $4.5 million as an earn-out payment if CAPA's revenue reached $19,555,000 in 2022. (*Id.* at ¶ 35) Defendants would receive no earn-out payment if the target revenue amount was not achieved. (*Id.* at ¶ 36)

The earn-out calculation statement dated March 15, 2023 confirmed that CAPA's 2022 revenue fell short of the target revenue amount, totaling $18,159,246.34. (D.I. 6 at ¶¶ 67, 69) Defendants subsequently asked to review the documents supporting the earn-out calculation statement. Plaintiff attempted to collect those documents over the course of the next month, but

---

[5] Defendants Catherine Colon, John Christian, Gerard Christian, and Graham Wilkinson owned 100% of CAPA prior to the execution of the Equity Agreement. (D.I. 6 at ¶ 34)

its collection efforts were repeatedly delayed. (*Id.* at ¶¶ 70-80) During that time, Defendants independently obtained and shared various revenue-related documents from CEA employees in an effort to confirm Plaintiff's revenue calculation. (*Id.* at ¶¶ 94-123) When Plaintiff later discovered that Defendants had obtained information from Plaintiff's systems, Plaintiff stopped preparing the supporting information for the earn-out calculation statement and instead sent letters demanding that Defendants return all stolen information by April 25, 2023. (*Id.* at ¶¶ 74-85)

Plaintiff brought this suit on May 23, 2023 and filed the FAC two days later, alleging causes of action for misappropriation of trade secrets under the federal DTSA (Count I) and Delaware Uniform Trade Secrets Act ("DUTSA"), 6 *Del. C.* § 2001 (Count II), based on Defendants' collection and use of Plaintiff's confidential trade secret information. (D.I. 6 at ¶¶ 129-64) The FAC also asserts a cause of action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count III), and state law causes of action for conspiracy (Counts IV-VI), tortious interference with contractual relations (Counts VII-VIII), breach of fiduciary duty (Counts IX-XI), breach of contract (Count XII-XV), and conversion (Count XVI). (*Id.* at ¶¶ 165-274)

Plaintiff moved for a temporary restraining order on May 25, 2023, the same day the FAC was filed. (D.I. 7) The court resolved the motion by entering a Status Quo Order on July 18, 2023, which required Defendants to provide certain disclosures by specific deadlines. (D.I. 36) Defendants moved to dismiss the FAC three days later, on July 21, 2023. (D.I. 37) About a month after the motion to dismiss was fully briefed, Plaintiff moved for leave to file the proposed SAC. (D.I. 51) The proposed SAC withdraws Count X of the FAC and adds five causes of action against Defendants for breaches of the implied covenant of good faith and fair

3

dealing as it pertains to the Equity Agreement, Defendants' respective employment and consulting agreements, and the Fourth Amended and Restated Limited Liability Company Agreement among Plaintiff and the Members (the "CEA LLC Agreement"). (D.I. 51-2 at ¶¶ 233-62)

The proposed SAC also adds jurisdictional allegations relating to two complaints filed in the Delaware Court of Chancery. On May 24, 2023, G. Christian filed a complaint on behalf of himself and the other Defendants for alleged breaches of the Equity Agreement (the "Earn Out Action"). (D.I. 51-2 at ¶ 31) On August 10, 2023, Colon and J. Christian filed a complaint in the Court of Chancery for alleged breaches of certain contracts and employment agreements, and to seek payment of attorneys' fees and expenses (the "Advancement Action"). (*Id.* at ¶ 32) In addition, the proposed amended pleading generally alleges that Colon and J. Christian have conducted business in Delaware by supporting study abroad programs at the University of Delaware. (*Id.* at ¶ 33)

Also pending are Plaintiff's motion to compel compliance with the Status Quo Order and Plaintiff's motion for leave to file a surreply brief in opposition to Defendants' motion to dismiss. (D.I. 40; D.I. 50) All pending motions, which were referred to the undersigned judicial officer on October 4, 2023, are now fully briefed and ripe for resolution. (D.I. 52)

## II.   LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court may dismiss a suit for lack of jurisdiction over a person. "[T]he plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence" when a defendant challenges the court's exercise of personal jurisdiction. *Turner v. Prince George's Cty. Pub. Schs.*, 694 F. App'x 64, 66 (3d Cir. 2017). At the pleading stage, without an evidentiary hearing on the motion to

dismiss, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, the plaintiff must allege "specific facts," as opposed to vague or conclusory assertions. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007).

In the absence of consent to personal jurisdiction, the court must answer two questions: one statutory and one constitutional. The statutory inquiry requires the court to determine whether jurisdiction over the defendant is appropriate under the long-arm statute of the state in which the court is located. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Delaware's long-arm statute requires a showing of specific jurisdiction arising from the defendant's activities within the forum state, or general jurisdiction based on continuous or systematic contacts with the forum state. 10 *Del. C.* § 3104(c); *see Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 622 (D. Del. 2015); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991). The court must then determine whether the exercise of personal jurisdiction comports with due process by analyzing whether the plaintiff has demonstrated that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," so that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted).

Personal jurisdiction is an individual right which may be waived by a defendant's express or implied consent to jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-04 (1982). A defendant may consent to personal jurisdiction by stipulating in advance that any

subsequent disputes should be resolved in a particular jurisdiction. *Id.*; *see also Hardwire, LLC v. Zero Int'l, Inc.*, C.A. No. 14-54-LPS-CJB, 2014 WL 5144610, at *6 (D. Del. Oct. 14, 2014). "The use of a forum selection clause is an example of an express consent to personal jurisdiction." *Res. Ventures, Inc. v. Res. Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 431 (D. Del. 1999). Once a party has expressly consented to jurisdiction, an analysis under Delaware's long-arm statute and the Due Process Clause is not required. *Finjan LLC v. Trustwave Holdings, Inc.*, C.A. No. 20-371-LPS, 2021 WL 5051147, at *6 (D. Del. Oct. 29, 2021) (citing *Capriotti's Sandwich Shop, Inc. v. Taylor Fam. Holdings, Inc.*, 857 F. Supp. 2d 489, 500 (D. Del. 2012)).

## III.   DISCUSSION

The first issue raised by the parties in the pending motion to dismiss is whether the court has personal jurisdiction over Defendants.[6] (D.I. 38 at 7-9; D.I. 39 at 3-9) Defendants contend that the FAC should be dismissed in its entirety because Plaintiff has not established a basis for either general or specific personal jurisdiction. (D.I. 38 at 7-9) Plaintiff maintains that the court may exercise personal jurisdiction because Defendants consented to the forum selection clause in the Equity Agreement, thereby waiving any challenges to personal jurisdiction. (D.I. 39 at 3-9) Neither party challenges the validity or enforceability of the Equity Agreement's Delaware forum selection clause or its applicability to Defendants.

I recommend that the court dismiss the FAC without prejudice pursuant to the language of the forum selection clause. *See F.N.B. Corp. v. Mariner Royal Holdings, LLC*, C.A. No. 19-1643-LPS-JLH, 2020 WL 1475021, at *3 (D. Del. Mar. 26, 2020) (dismissing action based on forum selection clause requiring claims to be subject to the exclusive jurisdiction of the Court of

---

[6] Defendants also oppose Plaintiff's motion for leave to file the SAC on the same grounds, arguing that the proposed amendment would be futile because the SAC does not establish any basis for personal jurisdiction. (D.I. 54 at 3-8)

6

Chancery, and to be brought in the District of Delaware only if the Court of Chancery declined to exercise subject matter jurisdiction over the claims). Although the recommended result is consistent with the relief sought by Defendants in their motion to dismiss for lack of personal jurisdiction, I recommend that the court reach this result through a different procedural mechanism—the doctrine of *forum non conveniens*–in accordance with Supreme Court precedent in *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 60 (2013) ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.").

Neither side fully engages with the language of the forum selection clause in their personal jurisdiction arguments. Instead, the parties seek to enforce select portions of the forum selection clause while ignoring others. The unambiguous language of the clause provides that all actions arising under the Equity Agreement must first be brought in the Delaware Court of Chancery, but it also permits claims to be brought in another Delaware federal or state court if the Court of Chancery declines to exercise jurisdiction, and includes an express waiver of the right to assert jurisdictional challenges:

> All issues and questions concerning the construction, validity, interpretation and enforceability of this Agreement . . . and all Actions arising hereunder or thereunder or in connection herewith or therewith, whether purporting to be based in contract or tort, or at law or in equity, or pursuant to statute, or otherwise, shall be governed by, and construed and enforced in accordance with, the Laws of the State of Delaware. . . . The Parties hereby agree and consent to be subject to the exclusive jurisdiction of the Court of Chancery of the State of Delaware or, to the extent such court declines jurisdiction, to any federal court (or to the extent such courts decline jurisdiction, any state court) located in the State of Delaware . . . ***and hereby waive the right to assert the lack of personal or subject matter jurisdiction or improper venue in connection with any such suit, action or other proceeding***.

7

(D.I. 38, Ex. 1 at § 7.12) (emphasis added).[7]

Defendants ignore the final portion of the above-quoted language, failing to reconcile their challenge to personal jurisdiction in the instant Rule 12(b)(2) motion with their express waiver of any such challenge in the forum selection clause.  (D.I. 38; D.I. 42)  Defendants contractually agreed to "waive the right to assert the lack of personal . . . jurisdiction" in connection with "any such suit, action or other proceeding" in the Court of Chancery, Delaware federal court, or other Delaware state court.  (D.I. 38, Ex. 1 at § 7.12)  "[T]he plain and ordinary language of the clause . . . makes clear that the parties waived their right to make 'any and all' venue objections if a party brought suit in one of those courts."  *Presidio, Inc. v. Closson*, C.A. No. 22-494-CFC, 2022 WL 17846561, at *2 (D. Del. Dec. 22, 2022).  Defendants' challenge to personal jurisdiction "would render nugatory the waiver-of-objections" clause.  *Presidio*, 2022 WL 17846561, at *2.  Defendants' position that Plaintiff's failure to first bring this case in the Court of Chancery deprives this court of personal jurisdiction does not account for the waiver of objections language and is not supported by any case authority.  (D.I. 38 at 7-9; D.I. 42 at 1-2; D.I. 54 at 6-7)

Defendants also fail to engage with the forum selection clause's designation of any state or federal court in Delaware as an agreed-upon forum for litigation.  A motion to dismiss for lack of personal jurisdiction is not the correct procedural vehicle for challenging Plaintiff's failure to comply with the requirement that any litigation must first be brought in the Delaware Court of

---

[7] Although § 7.12 of the Equity Agreement was not among the excerpts attached as an exhibit to the FAC or the proposed SAC, the Equity Agreement is incorporated by reference into the pleadings, and Plaintiff expressly relied on the choice of forum provision in the jurisdictional allegations in the FAC.  (D.I. 6 at ¶ 30)  Moreover, Plaintiff does not object to the court's consideration of § 7.12 of the Equity Agreement.  (*See, e.g.*, D.I. 39 at 8) (citing § 7.12 attached to Defendants' opening brief).  The court may therefore consider its terms at this stage of the proceedings.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Chancery. *See, e.g., F.N.B.*, 2020 WL 1475021, at *1-2. By contractually agreeing to personal

jurisdiction in all Delaware state and federal courts, albeit with certain conditions and orders of

preference, Defendants waived their objections to being haled into any court in Delaware on

personal jurisdiction grounds. *See Bus Air, LLC v. Woods*, C.A. No. 19-1435-RGA-CJB, 2019

WL 6329046, at *15-16 (D. Del. Nov. 26, 2019), *report and recommendation adopted*, 2019 WL

8137577 (D. Del. Dec. 17, 2019). Defendants' argument ignores the fact that the focus of the

personal jurisdiction inquiry is generally on contacts with the forum state, and it is not limited to

one particular court within the state.[8]

Defendants also subjected themselves to personal jurisdiction in Delaware by initiating

two civil actions in the Delaware Court of Chancery pertaining to the same general set of facts

under the Equity Agreement: "Defendants are seeking access to revenue-related documents

pursuant to Section 2.4(b)(1) of the Equity Purchase Agreement." (D.I. 38 at 9 n.2; *see also* D.I.

51-1 at ¶¶ 31-32) "[A] party that *affirmatively* seeks to litigate an issue in a state's courts waives

future jurisdictional challenges to lawsuits filed in the state that raise the same issue." *Yankees

Ent'mt & Sports Network, LLC v. Hartford Fire Ins. Co.*, 634 F. Supp. 3d 203, 208 (D. Del.

2022) (emphasis in original). "A contrary conclusion would senselessly diminish the

jurisdictional weight ordinarily accorded to so direct an invocation of the state's benefits and

protections." *Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*, 940 F.2d 20, 23-24 (1st

Cir. 1991) (explaining that "allowing a party . . . to enjoy the full benefits of access to a state's

courts *qua* plaintiff, while nonetheless retaining immunity from the courts' authority *qua*

defendant" would "produce an unjust asymmetry"); *see also Threlkeld v. Tucker*, 496 F.2d 1101,

---

[8] Defendants acknowledge that "specific jurisdiction turns on the relationship among the claim, the defendant, and the forum state[.]" (D.I. 54 at 5)

1103-04 (9th Cir. 1974) (concluding that the defendant's deliberate initiation of lawsuits in California state courts satisfied personal jurisdiction requirements for a case brought in California federal court).

Defendants further argue that personal jurisdiction is lacking over most of the asserted claims because only one count in the FAC, and two counts in the proposed SAC, arise out of the Equity Agreement. (D.I. 38 at 8; D.I. 54 at 6) Defendants' position again ignores the bargained-for language of the forum selection clause, which encompasses "[a]ll issues and questions concerning the construction, validity, interpretation and enforceability of this Agreement . . . and all Actions arising hereunder or thereunder or in connection herewith or therewith, whether purporting to be based in contract or tort, or at law or in equity, or pursuant to statute, or otherwise[.]" (D.I. 38, Ex. 1 at § 7.12) Delaware courts construe such language in a forum selection clause broadly. *See Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 220 (3d Cir. 2015) ("An action need not even allege contract-based claims in order for a forum selection clause in a contract to be enforced."). Plaintiff's claims arise out of the Equity Agreement, and the pleaded causes of action "based in contract or tort, or at law or in equity, or pursuant to statute, or otherwise," fall within the categories encompassed by the forum selection clause. (D.I. 38, Ex. 1 at § 7.12) Defendants provide no specific argument to the contrary in their briefing.

Having determined that Defendants consented to personal jurisdiction in Delaware in the Equity Agreement's forum selection clause, there is no need to perform a jurisdictional analysis under the Delaware long-arm statute and the Due Process Clause. *See Truinject Corp. v. Nestle Skin Health, S.A.*, C.A. No. 19-592-LPS-JLH, 2019 WL 6828984, at *8 (D. Del. Dec. 13, 2019) (citing *Solae, LLC v. Hershey Canada, Inc.*, 557 F. Supp. 2d 452, 456 (D. Del. 2008)). The

analysis does not end there, however, because Defendants correctly argue that allowing the case to proceed in this court would give no effect to the bargained-for contractual language requiring that all claims be brought in the Delaware Court of Chancery at the outset.  By initiating the litigation in this court before bringing it in the Court of Chancery, Plaintiff failed to comply with the terms of the forum selection clause requiring that any litigation first "be subject to the exclusive jurisdiction of the Court of Chancery of the State of Delaware" unless the court declines to exercise subject matter jurisdiction. *See, e.g.*, *F.N.B.*, 2020 WL 1475021, at *1 (dismissing civil action filed in district court in contravention of the agreement's forum selection clause mandating that action proceed in the Delaware Court of Chancery unless it lacks subject matter jurisdiction).

As previously discussed, Defendants' personal jurisdiction arguments are not the correct procedural vehicle to achieve dismissal of the FAC.  The Supreme Court has identified the common law doctrine of *forum non conveniens* as "the appropriate way to enforce a forum selection clause pointing to a state . . . forum." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013).  Consistent with this authority and analogous case law from this district, I recommend that the court dismiss the FAC under the common law doctrine of *forum non conveniens*.

To apply the doctrine of *forum non conveniens*, the court must balance various public and private interest factors.  Because a valid forum selection clause governs here, the court must deem private interest factors, which include practical considerations that might burden the parties, to weigh in favor of the preselected forum (in this case, the Court of Chancery). *Atl. Marine*, 571 U.S. at 64; *see also In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402 n.7 (3d Cir. 2017).  The public interest factors include court congestion, the likelihood that the case will

burden a jury composed of people with no relation to the litigation, the probability that the case will impact the community, and the chances that the court will be at home with the governing law. *See Wit Software v. Talkdesk, Inc.*, C.A. No. 23-94-WCB, 2023 WL 3454193, at *6 (D. Del. May 15, 2023) (citing *Trotter v. 7R Holdings LLC*, 873 F.3d 435, 442-43 (3d Cir. 2017)). The Supreme Court has recognized that the public interest factors "will rarely defeat" a motion to dismiss for *forum non conveniens* in the context of a forum selection clause, and "the practical result is that forum-selection clauses should control except in unusual cases" which are not present here. *Atl. Marine*, 571 U.S. at 64.

The unambiguous language of the forum selection clause mandates that this action be brought in the Delaware Court of Chancery unless the Court of Chancery declines to exercise jurisdiction. Plaintiff disregarded the terms of the forum selection clause by bringing the action in this court, and dismissal of the FAC is necessary to give full effect to the contractual language. *See Online Healthnow, Inc. v. CIP OCL Investments, LLC*, 2020 WL 3047230, at *3 (Del. Super. Ct. May 28, 2020) (granting motion to transfer case from Delaware Superior Court to Court of Chancery pursuant to the hierarchy outlined in the forum selection clause); *Presidio*, 2022 WL 17846561, at *2 (citing *Seidensticker v. Gasparilla Inn, Inc.*, 2007 WL 4054473, at *3 (Del. Ch. Nov. 8, 2007)). Moreover, the private interest factors weigh in favor of the Court of Chancery by default, and at least one public interest factor—whether the Court of Chancery will be "at home" applying Delaware law—weighs strongly in favor of dismissing this action and allowing the case to proceed in the Court of Chancery. For these reasons, I recommend that the court dismiss this case under the doctrine of *forum non conveniens*, without prejudice to Plaintiff to pursue further relief in accordance with the plain language of the forum selection clause.

The recommended dismissal may result in some inefficiency if the Court of Chancery declines to exercise subject matter jurisdiction over some or all of Plaintiff's claims. The court makes no definitive recommendation on subject matter jurisdiction because "the scope of the Court of Chancery's subject matter jurisdiction is a matter best left to the state courts." *F.N.B.*, 2020 WL 1475021, at *4 (citing cases). Plaintiff argues that the case must proceed in this court because it involves claims based in federal law, without citing any authority to support its position on this point.[9] (D.I. 39 at 5) On this record, the importance of giving effect to the agreed-upon terms of the Equity Agreement outweighs any minimal risk of inefficiencies should the Court of Chancery decline to exercise subject matter jurisdiction over the claims.

Having recommended that the case be dismissed without prejudice under the doctrine of *forum non conveniens*, the court need not reach the remaining arguments in Defendants' motion to dismiss, Plaintiff's motion to compel compliance, Plaintiff's motion for leave to file a surreply, or Plaintiff's motion for leave to file a SAC.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that the court GRANT the relief sought in Defendants' motion to dismiss and DISMISS without prejudice the FAC under the doctrine of *forum non conveniens*. (D.I. 37) I further recommend that the court DENY as moot Plaintiff's motion to compel compliance (D.I. 40), Plaintiff's motion for leave to file a surreply (D.I. 50),

---

[9] Congress has granted state courts concurrent jurisdiction over federal claims for misappropriation of trade secrets under the DTSA and for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. *See* 18 U.S.C. § 1836(c) (granting district courts original, but not exclusive, jurisdiction over civil actions brought under the DTSA); *Preferred Freezer Servs., LLC v. Americold Realty Trust*, 2020 WL 774132, at *4 (S.D.N.Y. Feb. 18, 2020) (recognizing concurrent state court jurisdiction over DTSA claims); *Canna v. Canna*, 2020 WL 6203334, at *6 (N.D. Ill. Oct. 22, 2020) (recognizing concurrent state court jurisdiction over CFAA claims, and citing cases).

and Plaintiff's motion for leave to file a SAC (D.I. 51).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: February 8, 2024

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

14